IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JANE M. DAWSON,
    Plaintiff,

vs.                               Case No: 3:08cv46/LAC/EMT

MATTHEW G. DAWSON,
    Defendant.
_____/

**ORDER REMANDING CASE TO STATE COURT**

This cause is before the court upon a notice of removal filed by Defendant Matthew G. Dawson (Doc. 1). Plaintiff also filed a "Notice of Filing Jurisdiction in Rem ..." (Doc. 3).

On January 20, 2006, Plaintiff commenced this action in the circuit court in and for Santa Rosa County Florida, pursuant to the Florida Dissolution of Marriage Statute, Fla. Stat. § 61.052 (*id.*, Ex. A at 12–17; *see also* case number 06-100-DR-01-DM at http://www.clerk.co. santarosa.fl.us). On February 17, 2006, Defendant filed an answer and counter-petition for dissolution of marriage. On January 3, 2008, Defendant filed a motion for leave to amend answer and counter-petition and also filed an amended answer and counter-petition. Defendant now seeks to remove the state divorce proceedings to this court pursuant to 28 U.S.C. § 1441(b), and he asserts that this court has jurisdiction under 28 U.S.C. § 1331, Amendments V and XIV of the United States Constitution, and Article I, §§ 2 and 9 of the Florida Constitution (Doc. 1 at 2).

Title 28 U.S.C. § 1446 provides the procedure for removal of a state civil action to federal court and states that a defendant desiring removal shall file in the federal district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Further, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." *Id*. § 1446(b). The federal district court shall examine the notice promptly, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1446(c)(4).

It is clear in the instant case that removal should not be permitted, as this court lacks subject matter jurisdiction over Defendant's divorce proceedings — despite Defendant's contention that this court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. Although pursuant to § 1441(b) an action may be removed if it is one that arises under federal law (*see also* Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1 (2003)), if the defendant claims federal question jurisdiction, the "'well-pleaded complaint rule'" requires the federal question to be "presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of Louisiana, 552 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)). *See also* Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112, 57 S. Ct. 96, 81 L. Ed 70 (1936) ("[t]o bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). "A case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial, 539 U.S. at 6, 123 S. Ct. at 2062. *See also* Anderson v. H & R Block, Inc., 287 F.3d 1038, 1041 (11th Cir. 2002). Because the

complaint in the instant case alleges <u>no</u> federal claim, this court does not have subject matter jurisdiction over Plaintiff's claims.[1]  Therefore, this action will be remanded to the state court.[2]

Accordingly, the Court's ruling in this matter may be summarized as follows, and **IT IS HEREBY ORDERED**:

1. The above entitled action is **REMANDED** to the Circuit Court for Santa Rosa County, Florida.

2. The Clerk is directed to send a certified copy of this order to the Clerk of the Circuit Court for Santa Rosa County, Florida.

**ORDERED** on this 8th day of February, 2008.

s/ <i>L.A. Collier</i><br>
Lacey A. Collier<br>
Senior United States District Judge

---

[1] "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." <u>Andenbrandt v. Richards</u>, 504 U.S. 689, 703, 112 S. Ct. 2206, 2214, 119 L. Ed. 2d 468 (1992) (quoting <u>In re Burrus</u>, 136 U.S. 586, 593–94, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890)); <u>see also</u> <u>Stone v. Wall</u>, 135 F.3d 1438 (11th Cir. 1998). Thus, federal courts such as this one lack jurisdiction to determine issues of divorce (including marital property rights), alimony, paternity, child custody and child support. 504 U.S. at 703.

[2] The court further notes that Defendant's notice of removal is untimely. Plaintiff filed the initial pleading, a "Verified Petition for Dissolution of Marriage and Request for Injunctive Relief," more than two years ago on January 20, 2006 (*see* Doc. 1, Ex. A; Santa Rosa County Case No. 06-100-DR-01-DM). Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the initial pleading or within thirty days of an amended pleading if the court ascertains that the case is one which has become removable since the time the original pleading was filed. Although Defendant amended his answer and counter-petition on January 3, 2008, Plaintiff has never amended her initial pleading. Thus, Defendant's notice of removal, filed on February 5, 2008, is not timely filed pursuant to 28 U.S.C. § 1446(b). To the extent Defendant contends that <u>his</u> amended pleading formed the basis for making this action removeable, Defendant is incorrect (*see* § 1446(b)). Even if he was correct, however, it is likely that Defendant's notice would nevertheless be deemed untimely, as it was filed on February 5, 2008, thirty-three (33) days after Defendant filed an amended answer to the petition and a counter-petition, a time he clearly would have been aware of the alleged basis for this court's jurisdiction (*see* Doc. 1 at 1; Santa Rosa County Case No. 06-100-DR-01-DM)

Case No: 3:08cv46/LAC/EMT